IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JASON BURKETT, § | |
| TDCJ No. 01201349, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 7:18-cv-00024-O-BP |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Jason Burkett ("Burkett"), an inmate confined in the Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF No. 5.

Burkett challenges the validity of disciplinary action no. 20180074786, which was taken against him at the Allred Unit for the offense of conspiring to commit a felony under Texas Penal Code § 38.11. ECF No. 5 at 5. Burkett states that the disciplinary case resulted in thirty days good-time days lost; forty-five day recreation, commissary, property, phone, and cell restriction; and line class reduction. *Id.* In support of his petition, Burkett argues that TDCJ's dismissal of his disciplinary complaint is a violation of due process, that the TDCJ had insufficient evidence to support the charges against him, and that the penalty imposed was too severe. *Id.* at 6–7.

Burkett has failed to state a colorable claim for habeas corpus relief. Inmates generally do not have protected liberty interests in their privileges. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint

which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardship in relation to the ordinary incidents of prison life. However, temporary restrictions such as those imposed against Burkett do not raise such concerns.

Burkett states that he is serving a life sentence for capital murder. ECF No. 5 at 2. Burkett is not eligible for mandatory supervised release under Tex. Gov't Code § 508.149, which provides that "an inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of a capital felony." Therefore, he had no constitutionally protected liberty interest at stake during the disciplinary proceeding. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). Moreover, changes in the conditions of Burkett's confinement resulting from the disciplinary action taken against him do not affect the duration of his confinement and do not constitute atypical, significant hardships going beyond the ordinary incidents of prison life. *Id.* at 768; *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973)). Absent such a liberty interest, due process does not attach to a prison disciplinary action.

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition for writ of habeas corpus be **DENIED**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed April 2, 2018.

/s/ Hal R. Ray, Jr.
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE